IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

CIVIL CASE NO.: 1:22-cv-00051

OMOLARA SIMMONDS as mother and
next of friend to DH, a minor,

        Plaintiff,

v.

EXCEL CONSTRUCTION AND
MAINTENANCE VI, INC., f/k/a SUN
CONSTRUCTORS, INC., PHOENIX
SERVICES, DAVID EVANS, and
PEDRO RIVERA,

        Defendants.

**DEFENDANTS PHOENIX SERVICES AND DAVID EVANS'
NOTICE OF REMOVAL**

Without submitting to the jurisdiction of this Court and without waiving any available defenses, Defendants PHOENIX SERVICES ("Phoenix") and DAVID EVANS ("Evans") (collectively, "Defendants") file this Notice of Removal from the Superior Court of the Virgin Islands, Division of St. Croix, to the District Court of the Virgin Islands, Division of St. Croix, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.[1] Removal is appropriate under 28 U.S.C. § 1441(b) because this is a diversity action over which the Court has original jurisdiction under 28 U.S.C. § 1332. In support of this Notice of Removal, Defendants state as follows:

---

[1] By removing this action to this Court, no Defendant waives any defenses, objections, or motions available under territorial or federal law. Defendants expressly reserve the right to move to dismiss Plaintiff's suit in whole or in part on any of the grounds listed in Rule 12(b).

I.    **NATURE OF THE CASE**

1.    On August 9, 2022, Plaintiff OMOLARA SIMMONDS as mother and next of friend to DH, a minor ("Plaintiff") filed a civil action in the Superior Court of the Virgin Islands, Division of St. Croix, styled *Omolara Simmonds as mother and next of friend to DH, a minor v. Excel Construction and Maintenance VI, Inc., f/k/a Sun Constructors, Inc., Phoenix Services, David Evans, and Pedro Rivera*, case number SX-2022-CV-00403. *See generally* Complaint ("Compl."), attached hereto as part of composite **Exhibit A**.

2.    In his Complaint, Plaintiff seeks compensatory and punitive damages allegedly resulting from a motor vehicle accident that occurred on September 19, 2019. *See, e.g.*, Compl. ¶¶ 7-11.

3.    In his Complaint, Plaintiff asserts claims for negligence against Pedro Rivera and claims for negligent entrustment as to Excel Construction and Maintenance VI, Inc., f/k/a Sun Constructors, Inc., Phoenix Services, and David Evans. *See, e.g.*, Compl. ¶¶ 12-17.

4.    According to the return of summons filed by Plaintiff, Excel Construction and Maintenance VI, Inc., f/k/a Sun Constructors, Inc. was served with Plaintiff's Summons and Complaint on September 12, 2022.

5.    According to the return of summons filed by Plaintiff, Phoenix Services was served with Plaintiff's Summons and Complaint on September 9, 2022.

6.    According to the return of summons filed by Plaintiff, David Evans was served with Plaintiff's Summons and Complaint on September 10, 2022.

7.    According to the return of summons filed by Plaintiff, Pedro Rivera was served with Plaintiff's Summons and Complaint on September 8, 2022.

CIVIL CASE NO.: 1:22-cv-00051
Page 3 of 11

**II.     NOTICE OF REMOVAL IS TIMELY**

8. This Notice of Removal is timely filed under 28 U.S.C. § 1446(b) because it was filed within 30 days of notice of the Superior Court civil action by "service or otherwise" on Phoenix and Evans.

**III.    REMOVAL IS PROPER BECAUSE THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION**

9. This suit is an action over which this Court would have original jurisdiction under the provisions of 28 U.S.C. § 1332 and, therefore, one that may be removed to this Court under the provisions of 28 U.S.C. §§ 1441 and 1446.

10. Pursuant to 28 U.S.C. § 1332(a)(1), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between— (1) citizens of different States . . . " 28 U.S.C. § 1332(a)(1).

11. As explained below, this action may be removed to this Court pursuant to 28 U.S.C. § 1332 because Plaintiff is a citizen of the Virgin Islands; Defendants Phoenix Services, David Evans, and Pedro Rivera (the only properly joined Defendants) are citizens of the State of Texas; and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a)(1).

12. The provisions of 28 U.S.C. § 1441(b)(2) barring removal if "any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought" does not prevent removal of this action. As explained below, the only current defendant that is a citizen of the Virgin Islands — Excel Construction and Maintenance VI, Inc., f/k/a Sun Constructors, Inc. — has been fraudulently joined to avoid removal to this Court and its citizenship can therefore be disregarded.

13. Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Because this Court has "original jurisdiction" over this action under 28 U.S.C. § 1332, the case may be removed pursuant to 28 U.S.C. § 1441.

   A. **Diversity of Citizenship Exists Among The Parties**

14. Plaintiff alleges that she is a resident of the United States Virgin Islands. See Compl. ¶ 2 (Exhibit A).

15. Plaintiff alleges Defendant, Excel Construction and Maintenance VI, Inc. f/k/a Sun Constructors, Inc. ("Excel"), is a Virgin Islands corporation. Compl. ¶ 3 (Exhibit A).

16. Plaintiff alleges "Defendant, Pedro Rivera, is believed to be resident of Texas." Compl. ¶ 4 (Exhibit A). Plaintiff served this Defendant with process at a residential address in Texas. This Defendant is therefore a citizen of Texas for purposes of diversity jurisdiction.

17. Plaintiff alleges "Defendant, Phoenix Services, is a Texas corporation… ." Compl. ¶ 5 (Exhibit A). This Defendant is therefore a citizen of Texas for purposes of diversity jurisdiction.

18. David Evans is a citizen of Texas for purposes of diversity jurisdiction. Plaintiff served this Defendant with process at a residential address in Texas.

19. The doctrine of fraudulent joinder prevents Plaintiff from avoiding removal based on his time-barred and otherwise factually baseless claims against Excel. *See, e.g., Reith v. Teva Pharm. USA, Inc.*, No. CV 18-3987, 2019 WL 1382624, at *2 (E.D. Pa. Mar. 27, 2019) ("It is well established that a party shall be dismissed and its citizenship ignored if it is fraudulently

joined in an attempt to defeat federal subject matter jurisdiction. Joinder is fraudulent 'where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment.' The right of removal and the existence of fraudulent joinder are determined according to the complaint and relevant facts at the time when the petition for removal was filed." (citations omitted; *citing Boyer v. Snap-on-Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990))).[2]

### 1. *Plaintiff's Claims Against Excel are Time-barred*

20. The Third Circuit has recognized that a statute of limitations defense is properly considered in connection with a fraudulent joinder inquiry. *See Brown v. Jevic*, 575 F.3d 322, 327 (3d Cir. 2009). And if a district court can discern, as a matter of law, that a cause of action is time-barred under state law, it follows that the cause fails to present even a colorable claim against the non-diverse defendant. *See In re Briscoe*, 448 F.3d 201 (3d Cir. 2006).

21. 5 V.I.C. § 31 provides that:

Civil actions shall only be commenced within the periods prescribed below after the cause of action shall have accrued, except when, in special cases, a different limitation is prescribed by statute:

> (5) Two years-- (A) An action for libel, slander, assault, battery, seduction, false imprisonment, or for any injury to the person or rights of another not arising on contract and not herein especially enumerated, or to set aside a sale of real property for non-payment of real property taxes pursuant to Title 33, chapter 89, subchapter III of this Code.

Accordingly, Plaintiff's action against Excel for injury to "DH"'s person is subject to a two-year statute of limitations. While the expiration of the statute of limitations often presents a

---

[2] In determining whether Excel was fraudulently joined, "[t]he court is not required to accept blindly the factual allegations of the complaints. It may go beyond the four corners of the pleadings in deciding the issue of fraudulent joinder, that is whether a claim against a defendant is wholly insubstantial and frivolous." *Reith*, 2019 WL 1382624 at *2.

question of fact, "where the facts are so clear that reasonable minds cannot differ, the commencement period may be determined as a matter of law." *Vitalo v. Cabot Corp.*, 399 F.3d 536, 543 (3d Cir. 2005).

22.　Here, Plaintiff alleges that "DH" was involved in a motor vehicle accident on September 19, 2019. Plaintiff did not file the Complaint against Excel until August 9, 2022, more than two years later. "If a district court can discern, as a matter of law, that a cause of action is time- barred under state law, it follows that the cause fails to present even a colorable claim against the non-diverse defendant." *In re Briscoe*, 448 F.3d at 219.

23.　Because Plaintiff's claims against Excel are plainly time-barred, these claims "are wholly insubstantial and frivolous and are not colorable," and this non-diverse defendant therefore has been fraudulently joined in this action.

### 2. *Plaintiff's Claims Against Excel are Not Well-Pleaded and Have No Reasonable Basis in Fact*

24.　Plaintiff's claims against Excel are not well-pleaded and have no reasonable basis in fact. Plaintiff equivocally alleges that Defendant Pedro Rivera was employed by "Defendants Sun Constructors **and/or** Defendant Phoenix Services"; that "Defendant, Sun Constructors **and/or** Phoenix Services, through David Evans had rented a vehicle for Defendant Rivera and entrusted the same to him"; and that "Defendants Sun Constructors, David Evans **and/or** Phoenix Services, allowed Rivera to operate the vehicle in a drunken condition and knew or should have known that he was drunk and had a history of driving drunk and was a danger on the road." Compl. ¶¶ 4, 8-9 (Exhibit A) (emphasis added). By using "and/or" throughout her Complaint, Plaintiff leaves open the possibility that Excel is **not** involved in this matter. Plaintiff's equivocal allegations of Excel's involvement in this matter are thus ambiguous, not well-pleaded, and should not be accepted as true at this juncture.

25. Moreover, Excel did not own, lease, or otherwise control the vehicle involved in the subject incident. As such, it could not have supplied or "entrusted" the subject vehicle to anyone. *See, e.g., Grant v. APTIM Env't & Infrastructure, Inc.*, No. CV 2019-0025, 2021 WL 2188570, at *6 (D.V.I. May 28, 2021) (In order to state a claim for negligent entrustment in the Virgin Islands, "the Complaint must plausibly assert four elements," one of which is that "the defendant supplied a chattel to a third person[.]") (citations omitted). As shown in the Declaration of Phoenix Services submitted herewith, Phoenix Services was the lessee of the vehicle involved in the subject accident. *See* **Exhibit B** hereto.[3] Phoenix Services expressly denies that Defendant Pedro Rivera was acting within the course and scope of his employment at the time of the incident; that it "allowed Rivera to operate the vehicle in a drunken condition and knew or should have known that he was drunk and had a history of driving drunk and was a danger on the road"; or that it negligently entrusted the vehicle to him.

26. As explained above, for purposes of diversity jurisdiction, Plaintiff is a citizen of the Virgin Islands and Defendants Phoenix Services, David Evans, and Pedro Rivera, are citizens of Texas. The sole non-diverse Defendant, Excel, was fraudulently joined for purposes of avoiding removal. Accordingly, diversity of citizenship exists between Plaintiff and Defendants and this case is removable to this Court.

    **B.**    **The Amount In Controversy Requirement Is Satisfied**

27. Pursuant to 28 U.S.C. § 1446(c)(2)(A)(ii), Defendants assert that the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1446(c)(2)(B) ("[R]emoval of the action is proper

---

[3] "[A] removing defendant may support its notice of removal with 'evidence outside the pleadings, including such supporting documents as affidavits and deposition transcripts, in defendant's attempt to satisfy its burden of establishing fraudulent joinder.'" *Yellen v. Teledne Cont'l Motors, Inc.*, 832 F. Supp. 2d 490, 503 (E.D. Pa. 2011) (citing Charles Alan Wright et al., Federal Practice and Procedure, § 3723 n. 107 & accompanying text (citing In re Briscoe, 448 F.3d 201 (3d Cir.2006)).

on the basis of an amount in controversy … if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a).")." The Third Circuit has explained that "the amount in controversy is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated." *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993).

28. Plaintiff seeks, *inter alia*, economic loss, non-economic compensatory damages, and punitive damages in this action resulting from a motor vehicle accident. The allegations relating to Plaintiff's alleged injuries suggest that the amount "in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). Plaintiff's Complaint states that "Plaintiff DH suffered severe physical injuries, including two breaks in his jaws, a broken nose, broken teeth, swollen lips, cut to his neck and bleeding in the brain" and that "[h]e has suffered exorbitant medical expenses." Compl. ¶ 11 (Exhibit A).

29. In sum, while Defendants deny Plaintiff's allegations and reserve all defenses with respect to the same, the Complaint on its face places at issue more than $75,000, exclusive of interest and costs, and therefore exceeds the requisite amount in controversy for purposes of diversity jurisdiction under 28 U.S.C. § 1332(a).

IV. **CONSENT TO REMOVAL**

30. Defendants Phoenix and Evans herein jointly notice the removal of this action to federal court, and, by the signatures of their counsel below, each consent to the removal of this action to federal court (while preserving all possible defenses, including lack of personal jurisdiction).

31. Defendant Pedro Rivera separately consents in writing to the removal of this action to federal court. *See* **Exhibit C** hereto.

32.     Defendant Excel was fraudulently joined for the reasons set forth above, and thus its consent is not required. *See Balazik v. Cnty. of Dauphin*, 44 F. 3d 209, 213 n.4 (3d Cir. 1995); *Albert v. Bayerische Motorenwerke Aktiengesollschafi*, 45 Fed. Appx. 170, 172 (3d Cir. 2002). Nevertheless, Defendant Excel separately consents in writing to removal.  *See* **Exhibit D** hereto.

**V.     VENUE IS PROPER**

33.     The District Court of the Virgin Islands is the federal district encompassing the Superior Court of the Virgin Islands (Division of St. Croix), where this suit was originally filed. This action is therefore being removed to the District Court for the district embracing the place where the action is pending, in accordance with 28 U.S.C. § 1441(a).

**VI.    NOTICE OF REMOVAL TO ALL PARTIES AND STATE COURT AND COPIES OF ALL PLEADINGS**

34.     Pursuant to 28 U.S.C. § 1446(d), written notice of this removal will be provided promptly to Plaintiff as of the date of this filing.

35.     Pursuant to 28 U.S.C. § 1446(d), Defendants will file this notice of removal with the Superior Court of the Virgin Islands (Division of St. Croix). *See* 28 U.S.C. § 1446(d) ("Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded.").

36.     Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all process, pleadings, and Orders filed in this cause are attached hereto as composite **Exhibit A**.

**VII.   PRESERVATION OF ALL DEFENSES**

37.     By removing this matter, Defendants do not waive or intend to waive any defense, including but not limited to improper venue, personal jurisdiction, insufficiency of process,

insufficiency of service of process, untimely service of process, statute of limitations, or any other defenses cognizable under Federal Rule of Civil Procedure 4, 8, 9, 12, 38, 39, 56 or any other procedural rule, contractual provision or substantive law.

### VIII. **CONCLUSION**

38.　This case is properly removable under 28 U.S.C. § 1441.

WHEREFORE, PHOENIX SERVICES and DAVID EVANS hereby give notice that the matter styled *Omolara Simmonds as mother and next of friend to DH, a minor v. Excel Construction and Maintenance VI, Inc., f/k/a Sun Constructors, Inc., Phoenix Services, David Evans, and Pedro Rivera*, case number SX-2022-CV-00403, is removed to the District Court of the Virgin Islands, Division of St. Croix.

Dated: October 4, 2022　　　　　　　　　　　Respectfully Submitted:

　　　　　　　　　　　　　　　　　　　　　　*/s/ Kyle R. Waldner*
　　　　　　　　　　　　　　　　　　　　　　Kyle R. Waldner, Esq.
　　　　　　　　　　　　　　　　　　　　　　kwaldner@wlawvi.com
　　　　　　　　　　　　　　　　　　　　　　V.I. Bar No.: 1038
　　　　　　　　　　　　　　　　　　　　　　Waldner Law, P.C.
　　　　　　　　　　　　　　　　　　　　　　1026 Norre Gade (mailing)
　　　　　　　　　　　　　　　　　　　　　　24b Norre Gade (physical)
　　　　　　　　　　　　　　　　　　　　　　Kings Quarter
　　　　　　　　　　　　　　　　　　　　　　St. Thomas, VI 00802
　　　　　　　　　　　　　　　　　　　　　　Tel.: (340) 690-0230

　　　　　　　　　　　　　　　　　　　　　　*Counsel for Defendants Phoenix Services and David Evans*

CIVIL CASE NO.: 1:22-cv-00051
Page 11 of 11

## CERTIFICATE OF SERVICE

I hereby certify that on October 4, 2022, I filed the foregoing Notice of Removal with the Clerk of the Court using the Court's CM/ECF system, and served a copy of this filing by email to the following counsel of record in the removed action, who have not yet entered an appearance before this Court:

Lee J. Rohn, Esq.
info@rohnlaw.com
Lee J. Rohn And Associates, LLC
1108 King Street, Suite 3
56 King Street, Third Floor
Christiansted, St. Croix
U.S. Virgin Islands 00820

Charles E. Lockwood, Esq.
clockwood@dnfvi.com
Dudley Newman Feuerzeig, LLP
1131 King Street, Suite 204
Christiansted, St. Croix
U.S. Virgin Islands 00820-4971

*/s/ Kyle R. Waldner*
Kyle R. Waldner, Esq.