# DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

| | |
|---|---|
| **OMOLARA SIMMONDS** as mother and next friend to D.H., a minor, | ) )  ) |
| **Plaintiff,** | ) ) ) |
| v. | ) ) ) |
| **PHOENIX SERVICES, DAVID EVANS,** and **PEDRO RIVERA,** | ) ) ) ) |
| **Defendants.** | ) ) ) |

Civil Action No. 2022-0051

**Attorneys:**
**Lee J. Rohn, Esq.**
**Robin P. Seila, Esq.**
**Jennifer Sue Koockogey-Lajoie, Esq.**
**Rhea Lawrence, Esq.**
St. Croix, U.S.V.I.
    *For Plaintiff*

**Kyle R. Waldner, Esq.,**
St. Thomas, U.S.V.I.
    *For Defendants Phoenix Services and David Evans*

**Douglas L. Capdeville, Esq.,**
St. Croix, U.S.V.I.
    *For Defendant Pedro Rivera*

## ORDER

THIS MATTER comes before the Court on the Motion to Approve Settlement (Dkt. No. 233) filed by Plaintiff Omolara Simmonds, as mother and friend to D.H., a minor. For the following reasons, the Motion will be granted in part and denied in part.

Plaintiff asserts that, on September 22, 2019, her minor son, D.H., was traveling with his cousin on his cousin's motorcycle. (Dkt. No. 233 at 5). According to Plaintiff, the motorcycle was hit by a vehicle driven by Defendant Pedro Rivera, who was intoxicated, failed to stop at a stop

1

sign, and failed to keep a proper lookout. *Id.* D.H. went flying into the air and fell unconscious onto the road. *Id.* D.H. was transported to Juan F. Luis Hospital and subsequently medically evacuated off-island to Jackson Memorial Hospital Trauma Center in Miami, Florida. *Id.* at 5-6. D.H. suffered numerous serious injuries as a result of the accident. *Id.* at 5-10.

On August 9, 2022, Plaintiff filed a Complaint in the Superior Court of the Virgin Islands against Defendants Phoenix Services, David Evans, and Pedro Rivera, as well as Excel Construction and Maintenance VI, Inc.[1] (Dkt. No. 1-1). Defendants Phoenix Services and David Evans removed the case to this Court on October 4, 2022. (Dkt. No. 1). On March 15, 2024, Plaintiff filed a Notice of Settlement, informing the Court that the parties had settled this matter. (Dkt. No. 210). Plaintiff subsequently requested that the Court appoint Rhea Lawrence, Esq., as guardian *ad litem* for D.H. (Dkt. No. 216), which this Court granted on April 19, 2024 (Dkt. No. 222).

Plaintiff now moves for this Court to approve the settlement (Dkt. No. 233). Additionally, Plaintiff requests that the Court approve all litigation-related expenses and attorneys' fees and the disbursement of funds therefor, as well as the disbursement of a sum certain for immediate use by D.H.[2] *Id.* at 1. Plaintiff asserts that Rhea Lawrence has "reviewed the facts of this case and finds the settlement to be warranted, reasonable, and in the best interests of the minor." *Id.* at 3. Plaintiff also asserts that she, as D.H.'s mother, has approved and executed the disbursement of funds for

---

[1] Excel Construction and Maintenance VI, Inc. was dismissed without prejudice from this action on December 12, 2022 (Dkt. No. 44), pursuant to a Stipulation with Plaintiff (Dkt. No. 43).

[2] Plaintiff also requests that the Court order "that the defendants' insurer execute" the Qualified Assignment and Release Agreement. (Dkt. No. 233 at 12); *see also* (Dkt. No. 233-3). However, Plaintiff has provided the Court with scant information regarding this Agreement and has failed to offer an explanation as to why the insurer would require a Court Order to execute the Agreement. Accordingly, the Court will deny this request.

2

litigation-related expenses and attorneys' fees. *Id.* at 2. Plaintiff further represents that Rhea Lawrence agrees with the immediate disbursement of the sum certain to D.H. *Id.* at 2-3.

"It is well established that 'a court must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected, even if the settlement has been recommended or negotiated by the minor's parent or guardian *ad litem.*'" *Rojas v. Two/Morrow Ideas Enterprises, Inc.*, 53 V.I. 684, 694-95 (V.I. 2010) (quoting *In re Abrams & Abrams, P.A.*, 605 F.3d 238, 247 (4th Cir. 2010)). Relevant factors in this analysis include "the extent of the injuries suffered by the minor, the relation of the settlement amount to those injuries, and the availability of funds from the defendant" as well as "the relative merits of the claim and the strength of the evidence." *Davis v. Anderson*, No. 120-CV-00018, 2022 WL 715781, at *1 (D.V.I. Mar. 10, 2022).

The Court agrees with Plaintiff that the facts as presented indicate that the settlement amount is appropriate in relation to the extent of the injuries suffered by D.H. The Court also agrees with Plaintiff that the proposed settlement provides financial security for D.H. while reducing "significant litigation expenses by negating a trial." (Dkt. No. 233 at 2). The Court further notes that the settlement amount has been approved by both D.H.'s mother and his guardian *ad litem.* (Dkt. No. 233 at 2-3).

For these reasons, the Court will approve the settlement. The Court will also approve the disbursement of the settlement funds, including for litigation-related expenses and attorneys' fees, in accordance with the terms of the Disbursement Sheet submitted by D.H.'s guardian *ad litem* (Dkt. No. 233-1). The Court further approves the immediate disbursement of the sum certain—the exact amount of which is identified in Plaintiff's Motion to Approve Settlement (Dkt. No. 233 at

1)—to D.H. via a prepaid visa card in the minor's name. The management of the settlement funds will otherwise proceed in accordance with the Court's Order dated April 19, 2024 (Dkt. No. 222).

Additionally, in light of the settlement of this matter, the Court will order the parties to promptly file a stipulation of dismissal.

**UPON CONSIDERATION** of the foregoing, it is hereby

**ORDERED** that Plaintiff's Motion to Approve Settlement (Dkt. No. 233) is **GRANTED IN PART AND DENIED IN PART**; and it is further

**ORDERED** that the settlement of this matter is **APPROVED**; and it is further

**ORDERED** that the settlement funds shall be **DISBURSED** in accordance with the terms of the Disbursement Sheet (Dkt. No. 233-1), including the funds allocated for litigation-related expenses and attorneys' fees; and it is further

**ORDERED** that the sum certain identified in Plaintiff's Motion to Approve Settlement (Dkt. No. 233 at 1) shall be **DISBURSED** to D.H. as soon as practicable via a prepaid visa card in the minor's name; and it is further

**ORDERED** that the settlement funds shall otherwise be **MANAGED** in accordance with the Court's Order dated April 19, 2024 (Dkt. No. 222); and it is further

**ORDERED** that Plaintiff's Motion is **DENIED** to the extent that Plaintiff requests that the Court order Defendants' insurer to execute the Qualified Assignment and Release Agreement (Dkt. No. 233-3); and it is further

5

**ORDERED** that the parties shall have up to and including **September 13, 2024** within which to file a Stipulation of Dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(ii).

**SO ORDERED**.

Date: August 31, 2024 _____/s/_____
WILMA A. LEWIS
District Judge